## PARKER, exr. of Parker,

### *vs.*

## READ, exr. of Read.

Where a bond had been given by the defendant's testator to indemnify the plaintiff for any claims or demands which might be brought against the title to certain lands, *held* that a claim of dower accruing after the decease of the obligor, and more than two years after administration had been granted, would not be barred by the statute of limitations as to the settlement of estates, but would come within the exception of claims dependent on a contingency.

Where a bond was given to protect a title, reciting that an outstanding claim of dower existed against it, but providing that the obligor should indemnify against all claims of any person, *held* that the bond was not limited to the claim specified, but was equivalent to a general covenant of warranty against all claims whatsoever.

DEBT upon a bond made by the defendant's testator, William Read, and dated May 1, 1792, in the sum of £150, with condition that the *defendant's testator* should save the plaintiff's testator, Matthew Parker, Jr. harmless from any demand

of any person or persons on certain land conveyed by *Samuel Senter* to the said *Matthew Parker, Jr.*

William Read, the father of the defendant's testator, died previous to 1769, having devised his real estate to his sons William and Zadock, subject to the dower of his widow, Lucy Read.

Zadock Read conveyed his interest to Samuel Senter. Senter, and William Read, the defendant's testator, made partition, and then on the 19th of January, 1790, Senter conveyed to the plaintiff's testator the land mentioned in the condition of the bond.

The said Lucy, the widow of William Read, senior, was living on the 1st May, 1792, when the bond was given, but never claimed any dower in the said land. Hannah Senter, then the wife of Samuel Senter, is still living. Samuel Senter died in 1833.

The defendant took administration on the will and estate of his father, William Read, the obligor, on the 31st March, 1829, and being residuary legatee gave bonds to pay debts and legacies, which he has paid with the exception of this bond, and has estate of the testator sufficient to pay this claim.

Since 1833 the widow, Hannah Senter, has demanded and recovered her dower in part of the land mentioned in the condition of the bond, of which notice was given to the defendant previous to the commencement of this suit.

Verdict was taken, by consent, for the plaintiff, subject to be set aside and judgment rendered for the defendant, or to be affirmed and the defendant to be heard in chancery.

*C. H. Atherton,* for the defendant, contended, I. That a bond with a condition annexed was a present demand against an individual, from which he could only discharge himself by pleading and shewing performance ; and that as more than two years had elapsed after the defendant's appointment as executor before claim was made under the bond, it was barred by the statute of limitations as to the settlement of estates. *N. H. Laws* 338.

A suit on a bond is a suit for the penalty, and an exhibition of the bond is sufficient, it not being necessary to exhibit any particular claim. 1 *N. H. R.* 248, *Harris, Judge of Probate,* vs. *Davis, Administrator.*

II. Where there is a grant by deed in general terms, those terms may be limited and restrained by a recital showing the object of the grant; and the same rule applies in the construction of the condition of a bond. 5 *N.H.R.* 466, *Woods* vs. *Nashua Man. Com.* ; 3 *Dane's Dig.* 576; *Powell on Contracts* 385 & 390 ; *Cro. James* 170.

*J. U. Parker,* for the plaintiff.

UPHAM, J. The claim of this plaintiff is barred by the statute of July 2, 1822, *N. H. Laws* 338, *sec.* 18, unless it is to be considered as a demand depending upon a contingency that might never have happened.

But it is clearly a demand that during the two years after the defendant first became executor depended on the contingency of Hannah Senter's surviving her husband and claiming dower ; a contingency not at all improbable, and which has since happened. The claim, therefore, is clearly within the exception provided for, and is not barred by the statute.

It is contended, however, that where a contingency is secured by a bond, it constitutes a present demand, and may be enforced at any moment so far as to obtain security to abide the contingency. To this it may be replied, that it admits of doubt whether the parties to a bond depending on a contingency contemplate any farther security of such condition than the bond itself, until such contingency occur ; and however this may be, it can be allowed as a claim against an estate only as a liquidated demand. The commissioner has no authority to pass it in any other mode ; and he clearly cannot do this while it remains uncertain whether a liability to any extent may arise under the bond. It must remain, therefore, until the contingency occur, subject to such

adjustment as the estate will then admit of, under the provisions of the statute; and no complaint for this cause can be made that the claim was not presented and allowed within two years from the grant of administration.

As the claim, then, is not barred by statute, the question arises whether the condition of the bond given by the defendant's testator compelled him to indemnify against all claims, or whether in its terms it was limited merely to a claim of dower existing at its date, in 1792, in favor of Lucy Read, widow of William Read, senior.

The condition of the bond is, that " Whereas William ' Read, senior, conveyed certain lands to Thomas Senter, and ' said Senter to Matthew Parker, (the plaintiff's testator) ' and whereas said Parker afterwards sold and conveyed to ' William Read (the defendant's testator, and son of Wil- ' liam, senior,) a portion of the same land by deed, (of even date with the bond in suit) it is agreed that the ' said William shall forever hereafter keep harmless and in- ' demnify the said Matthew, his heirs and assigns, from any ' demand that any person or persons may have on the re- ' mainder of the land purchased by the said Matthew, as ' aforesaid."

It was contended, on this contract and the facts shown in the case, that the sole design of the parties was to guard against any claim of dower on the part of the widow of William Read, senior, and that, although the expressions were more general than was necessary for this purpose, such being the subject matter of the contract it must be thus limited; and this rule of construction is sustained by the authorities cited.

But such construction is wholly inapplicable, until the subject matter of the contract is first ascertained. This is the sole question in controversy betwixt the parties, and must be determined from the contract itself.

It is very evident, from the condition in the bond, that the plaintiff's testator intended to protect himself against

the claim of dower then existing; and the defendant's testator might perhaps readily guarantee against that claim, as it was his mother's right. But did the parties limit themselves here? Other causes of apprehension as to the title may have existed in the mind of the plaintiff's testator at the time of his procuring the bond. If such was the case, he would be desirous of a general guarantee against all claims and demands which might come against him from any quarter; and such might have been the confidence of the obligor in the title, as not to object to it.

Had such been the design of the parties, could they have inserted a more general clause than that in the bond requiring the obligor " forever thereafter to keep harmless the obligee, and indemnify him, his heirs and assigns, from any demand that any person or persons might have against the remainder of the land retained by him."?

It would be difficult to make terms more explicit; and it must be something very imperative in any antecedent clause in the contract which could induce us to overrule provisions so perfectly plain and intelligible. It clearly cannot be done by reason of any uncertain construction we might give to any prior portion of the contract, or a merely plausible ground of belief as to any different design of the obligor. To sustain the defendant's case it must be shown affirmatively from the contract that it comes within the exception contended for; but this cannot be done, and the ordinary construction must be given to the bond, holding the defendant responsible on a general covenant against all claims.

*Judgment for the plaintiff.*